# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FREDERICK STADTLER,**

    **Plaintiff,**

    v.

**HENDRICK CHEVEROLET SHAWNEE MISSION aka HENDRICK MOTORS, and HENDRICK AUTOMOTIVE GROUP,**

    **Defendants.**

Case No. 17-2077-JAR-GLR

## MEMORANDUM AND ORDER

Plaintiff Frederick Stadtler alleges he was injured while inspecting a vehicle at Defendant Hendrick Chevrolet Shawnee Mission, aka Hendrick Motors, and filed this lawsuit against the car dealership and Hendrick Automotive Group ("HAG"). This matter is before the Court on Defendant HAG's Motion to Quash Service and Dismiss Plaintiff's Complaint (Doc. 7). For the reasons explained in detail below, Defendant's motion is denied.[1]

## I. Legal Standard

Fed. R. Civ. P. 4 governs service of process in federal actions.[2] The personal service requirements of this rule "serve[ ] two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit."[3] "Rule 4 service of process provides the mechanism by which a court having venue

---

[1] The Court finds that Plaintiff's response to the Order to Show Cause (Doc. 17) relative to Hendrick Chevrolet Shawnee Mission is sufficient to avoid dismissal.

[2] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987).

[3] *Okla. Radio Assocs. v. F.D.I.C.,* 969 F.2d 940, 943 (10th Cir. 1992) (citations omitted).

and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."[4]

"A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4."[5] Motions to dismiss under Rule 12(b)(2) and 12(b)(5) thus go hand in hand. A Rule 12(b)(5) motion to dismiss based on insufficient service of process "challenges the mode or lack of delivery of a summons and complaint."[6] When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie showing that he served process properly.[7] When considering whether service was sufficient, a court may consider any "affidavits and other documentary evidence" submitted by the parties and must resolve any "factual doubt" in a plaintiff's favor.[8]

## II. Facts

HAG is a general partnership registered in Kansas. The Kansas Secretary of State does not list a registered agent or a registered office for HAG, whose mailing address is listed as 6000 Monroe Road, Charlotte, North Carolina. On February 22, 2017, HAG was served by certified mail by mailing a copy of the Summons and Complaint to 6000 Monroe Road, Charlotte, North Carolina.[9]

HAG's website identifies Hendrick Chevrolet Shawnee Mission at 8300 Shawnee Mission Parkway, Merriam, Kansas, as one of its locations. Hendrick Chevrolet Shawnee

---

[4] *Id.* (citing *Omni Capital Int'l,* 484 U.S. at 104).

[5] *Hagan v. Credit Union of Am.,* No. 11-1131-JTM, 2011 WL 6739595, at *1 (D. Kan. Dec. 22, 2011) (citation omitted).

[6] *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.,* 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citations and internal quotation marks omitted).

[7] *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citation omitted).

[8] *Id.* (citation omitted).

[9] Doc. 4.

Mission's website states that it is a member of HAG.  On February 20, 2017, a Summons and Complaint was served on Hendrick Chevrolet Shawnee Mission by physical delivery to the location, where it was left with Adam Williams, Executive General Manager of Hendrick Chevrolet Shawnee Mission.[10]

**III.  Discussion**

HAG contends that Plaintiff has not obtained sufficient service of process, because 1) Hendrick Chevrolet Shawnee Mission is a non-existent entity that cannot be sued; and 2) Plaintiff did not serve an officer, partner, or agent of HAG.

HAG first contends that Hendrick Chevrolet Shawnee Mission does not exist as an entity and thus cannot be sued.  Although objecting on Hendrick Chevrolet's behalf, HAG stops short of identifying the relationship between the two defendants.  Instead, HAG generally denies that Hendrick Chevrolet is an unicorporated association and asserts that since HAG identifies Hendrick Chevrolet as one of its locations, and Hendrick Chevrolet indicates on its website that it is a proud member of HAG, Plaintiff was able to "easily identify a corporate relationship." HAG goes on to explain that the Kansas Secretary of State does not list or register DBAs or fictitious names of general partnerships.  Accordingly, it appears that HAG is doing business in Kansas as Hendrick Chevrolet Shawnee Mission.  If this is the case, HAG is correct that Hendrick Chevrolet is not an entity capable of being sued. Dismissal under Rule 12(b)(5), however, which permits dismissal for faulty service, is not the proper avenue for relief on this basis.  Instead, HAG should file a motion for failure to assert a claim upon which relief can be granted under Rule 12(b)(6), after identifying the nature of the relationship between the parties.

---

[10]Doc. 5.

Next, HAG argues that Plaintiff failed to comply with Rule 4(h) with respect to serving general partnerships. Rule 4(h) states that in the absence of a waiver, a partnership "must be served" either "in the manner prescribed by [Fed. R. Civ. P.] 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[11] Rule 4(e)(1) states an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[12] The relevant state law in this case is K.S.A. 60-304(e), which allows for service of process on a partnership or other unincorporated association that is subject to suit in a common name, by 1) serving an officer, manager, partner or resident, managing or general agent; 2) leaving a copy of the summons and petition at any of its business offices with the person in charge; or 3) serving an authorized agent, and if the agent is so authorized by statute, by also mailing a copy to the defendant.[13] "Service by return receipt delivery on an officer, partner, or agent must be addressed to the person at the person's usual place of business."[14]

Plaintiff contends that he has substantially complied with Kansas law regarding service of process. K.S.A. § 60-204 states that "in any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court." In interpreting "substantial compliance," the Kansas Supreme

---

[11]Fed. R. Civ. P. 4(h)(1)(B).
[12]Fed. R. Civ. P. 4(e)(1).
[13]K.S.A. § 60-304(e)
[14]*Id.*

Court has held that "[b]efore there can be a valid personal service of process there must be a substantial compliance with some method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending."[15] Thus, the fact that HAG is aware of this lawsuit is not enough to show substantial compliance; Plaintiff must first show that he has substantially complied with some statutory method of service.

Here, Plaintiff served Adam Williams, Executive General Manager of Hendrick Chevrolet Shawnee Mission, by physically leaving a copy of the Summons and Complaint with him at the Hendrick Chevrolet in Merriam, Kansas. It also sent a copy of the Summons and Complaint by certified mail to HAG's mailing address in Charlotte, North Carolina. HAG is correct that the certified mail was not addressed to any officer, partner or agent of HAG. Because Hendrick Chevrolet Shawnee Mission is listed as one of HAG's "locations," however, serving a manager at Hendrick Chevrolet's place of business suffices as substantial compliance with the statutory requirements for service of process.[16] Accordingly, the Court denies HAG's motion to quash service and dismiss pursuant to Rule 4 and Rule 12(b)(5).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Hendrick Automotive Group's Motion to Quash Service and Dismiss Plaintiff's Complaint (Doc. 7) is **denied.**

**IT IS SO ORDERED.**

Dated: October 19, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] *Briscoe v. Getto*, 462 P.2d 127, 129 (Kan. 1969).

[16] K.S.A. § 60-204(e)(2).